R. Michael Shickich, 6-3015
Law Offices of R. Michael Shickich, LLC
111 West 2nd Street, Suite 500
Casper, WY 82601
PH: (307) 266-5297
FX: (307) 266-1261
rms@injuryfirm.net

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JAN 27 PM 4 08

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| SABRINA LESSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: 15CV11-F |
| | ) | |
| COMMUNITY HEALTH CENTER OF | ) | |
| CENTRAL WYOMING, INC. HEALTH | ) | |
| CARE PLAN;  and | ) | |
| | ) | |
| COMMUNITY HEALTH CENTER OF | ) | |
| CENTRAL WYOMING, INC. HUMAN | ) | |
| RESOURCE DEPARTMENT – PLAN | ) | |
| ADMINISTRATOR; | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### I.
### PARTIES

1.   Plaintiff Sabrina Lessman ("Plaintiff Lessman" or "Plaintiff") was an employee of
     Community Health Center of Central Wyoming, Inc. through August 15, 2013, and
     resided in Casper, Wyoming.

2.   Defendant Community Health Center of Central Wyoming, Inc. Health Care Plan
     ("Defendant CHC Plan"), is the health care plan for Community Health Center of Central
     Wyoming, Inc.

3.      Upon information and belief, Defendant Community Health Center of Central Wyoming, Inc. Human Resource Department ("Defendant CHC Plan Admin") is the Plan Administrator for the Community Health Center of Central Wyoming, Inc. Health Care Plan.

## II.
## JURISDICTION AND VENUE

4.      Plaintiff incorporates and adopts by reference all the facts and allegations previously set forth as though fully set forth herein.

5.      Plaintiff is a resident of Colorado.

6.      The Community Health Center of Central Wyoming, Inc. Health Care Plan ("CHC Plan") is a health care plan issued pursuant to the Employee Retirement Income Security Act (ERISA), and provided benefits to Plaintiff.

7.      At all times relevant hereto, the CHC Plan sponsor and agent for legal service has been Community Health Center of Central Wyoming, Inc. located at 5000 Blackmore Rd., Casper, WY  82609.

8.      At all times relevant hereto, the CHC Plan and Plan Administrator authorized and utilized a claims administrator, namely, Self Insured Services Company ("SISCO") to assert the CHC Plan's alleged reimbursement rights.

9.      Plaintiff was a beneficiary and participant of the CHC Plan as of May 2012.

10.     The Plan Administrator, its agents and employees, owe a fiduciary duty to beneficiaries and plan participants.

11.     This fiduciary duty extends to Plaintiff Lessman in her status as a beneficiary and participant.

12.     Jurisdiction lies within this court pursuant to 28 U.S.C. § 1331 (federal question).

13.     Venue is proper because the incident giving rise to this *Complaint and Jury Demand* occurred in Casper, Wyoming.

14.     Service of process upon Defendant CHC Plan is proper.

15.     Service of process upon Defendant CHC Plan Administrator is proper.

## III.
## FACTUAL BACKGROUND

16.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

17.  On May 15, 2012, Sabrina Lessman was in a motorcycle collision. On this date she was a member and participant in the CHC Plan.

18.  Plaintiff suffered substantial injuries and her medical expenses alone amounted to more than $30,000.

19.  Upon information and belief, the CHC Plan was to pay her medical expenses.

20.  Plaintiff's medical bills were not paid by the CHC Plan for various administrative and bureaucratic reasons.

21.  Ultimately, the CHC Plan paid only $3,224.02 of Plaintiff Lessman's high amount of outstanding medical bills.

22.  Plaintiff Lessman paid the rest of her medical bills personally, out of her own pocket.

23.  The CHC Plan now asserts it is entitled to 100 % reimbursement of the $3,224.02 in medical expenses it paid, plus additional items.

24.  Plaintiff Lessman is willing to reimburse the CHC Plan. She even previously tendered a check in a compromise amount in an effort to resolve this with the CHC Plan. The check she tendered was at a percentage reduction in the same range that all other lien holders and creditors had agreed to accept.

25.  The CHC Plan, however, through SISCO, took offense to her offer and reacted punitively. SISCO took actions which are believed to be outside of the CHC Plan. In order to inflict a greater financial burden on Plaintiff Lessman, SISCO increased the amount which it claimed plaintiff owed in reimbursement by adding interest, and yet failing to identify the legal basis for this interest.

26.     Further, SISCO asserted it was imposing additional penalties. These additional penalties included, but were not necessarily limited to, withdrawing payment of Plaintiff Lessman's medical bills so she would not receive the benefit of any discounts she obtained though the insurance billing rate; threatening to force Plaintiff to administrate individually each of her own bills just for the hassle and inconvenience of it; and refusing to pay outstanding claims.

27.     In September 2014, SISCO made good on its threat by denying unpaid claims to Therapy Solutions in the amount of $604.80. By this action, Defendants denied benefits to which Ms. Lessman was entitled under the CHC Plan.

28.     On January 20, 2015, SISCO issued a letter to Therapy Solutions demanding a refund of claims SISCO had paid in the amount of $696.80. (See **Exhibit 3.**) By this action, Defendants denied benefits to which Ms. Lessman was entitled under the CHC Plan.

29.     While the CHC Plan has played "hardball," it simultaneously has refused to produce CHC Plan documents. In short, it is Plaintiff Lessman's experience that the CHC Plan is overreaching in its reimbursement claim, and yet refusing to provide the very documents that delineate the terms of that reimbursement.

## Plan Documents

30.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

31.     As a participant and beneficiary of the CHC Plan, Plaintiff Lessman is entitled to receive complete plan documents.

32.     On August 8, 2013, Plaintiff Lessman submitted a written request by certified mail for the complete plan documents. Her request included the following:

   a.   Copies of the Summary Plan Description (SPD) and other Plan Documents relating to my health insurance coverage for the years 2011 through 2013.

b. Copies of form 5500, including all attached schedules, filed with the U.S. Department of Labor for the years 2011 through 2013.

c. A complete copy of the health/ERISA plan.

d. A listing of the dates of service, service providers and payments made on my behalf, if any, from May 15, 2012 to the present. If no payments have been made, please confirm this in writing.

e. Please also cite clauses that describe whether the plan is self-insured or governed by ERISA rules, as well as any clauses regarding reimbursement or subrogation.
A copy of the request letter is attached as **Exhibit 1**.

33.   Plaintiff Lessman did not receive the plan documents she requested, and still has not received them 530 calendar days after the filing of the original complaint. She still has not received them at the filing of this amended complaint. Instead, on about October 24, 2013, she received a Summary Plan Description (SPD). While this document is interesting, the SPD alone is inadequate to define the terms of the plan. In *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 179 L.Ed. 2d 843 (2011), the United States Supreme Court held that an SPD does not constitute any term of a plan.

34.   Furthermore, the SPD states on the first page, "The Plan Document takes precedence over this booklet." The plan admits that a "Plan Document" exists, yet the Plan Administrator refuses to provide it to the Plaintiff.

35.   In the continuing effort to get to the bottom of this issue, Plaintiff Lessman again requested by certified mail the complete CHC Plan documents on November 22, 2013. The request was received by the CHC Plan via US certified mail on December 4, 2013. Specifically, Plaintiff requested the following:

a. A complete copy of the Plan and all health/ERISA Plan Documents for my client's health insurance coverage for the years 2011 through 2013.

b. The Summary Plan Description for the years 2011 through 2013.

c. The name and address of the current Plan Administrator.

d. A detailed listing of the dates of service, service providers and payment amounts for medical benefits paid to service providers on my client's behalf, if any, from the date of loss to present. If no payments have been made, please confirm this in writing.

e. Copies of all contracts, including but not limited to: insurance contracts, Stop Loss contracts, health insurance contracts, insurance intermediary service contracts, and administrative services contracts related to the medical plan serving Wyoming participants for the years 2011 through 2013.

f. Please identify any clauses regarding reimbursement or subrogation, and clauses that describe whether the plan is self-funded or insured.

g. The Administrative Services Contract between the Plan and the claims/third-party administrator for the years 2011 through 2013.

h. Copies of the SMM (Summary of Medical Modifications) statements for the years 2011 through 2013.

A copy of the request letter is attached as **Exhibit 2**.

36. No response was ever made to this request. To the date the original complaint was filed [January 20, 2015], 424 calendar days had passed, and still no controlling plan documents had been provided to Plaintiff Lessman. To the date of filing of this amended complaint, no controlling plan documents have been provided to Plaintiff Lessman.

37. This conduct is at odds with the heightened standard of care and loyalty that a fiduciary owes Plaintiff Lessman. Further, it has caused personal anxiety and discomfort for her. She suffered a head injury and as result lost her job. In turn, she lost her apartment, and was forced to move away from Wyoming. It has not been easy for her to function, and the delay in distribution of this relatively minor amount of money has caused her hardship. In short, Plaintiff Lessman's position is that it should not take a federal lawsuit

to negotiate a reimbursement claim.  However, SICSO's intention has clearly been to inflict maximum financial and administrative inconvenience on the Plaintiff.

**Denied Medical Benefits**

38.     In September 2014, Plaintiff Lessman was contacted by one of her healthcare providers and was informed that she owed payment on medical bills because the CHC Plan had denied coverage.

39.     In November 2014, Plaintiff Lessman was contacted by a collection entity that informed her she had unpaid medical bills from a different medical provider because the CHC Plan had denied coverage.

40.     In January 2015, Plaintiff's counsel was contacted by one of her healthcare providers and informed that SISCO had demanded a refund of bills SISCO had previously paid under the CHC Plan.

41.     The CHC Plan never notified Plaintiff Lessman that it was going to deny coverage of her medical bills and demand refunds of bills the CHC Plan previously paid, nor did it provide an opportunity for her to appeal this decision.

42.     Upon information and belief, this action is consistent with the threat by SISCO to withdraw coverage to make things difficult for Plaintiff Lessman.

43.     Plaintiff Lessman seeks coverage by the CHC Plan for treatment she received on the following dates from Therapy Solutions:  August 1, 2013, August 6, 2013, and August 8, 2013; as well as coverage by the CHC Plan for treatment she received at Community Health Center which resulted in the bill(s) that went to collections.

**Enjoin From Further Violation of ERISA and Plan Terms**

44.     Plaintiff Lessman seeks injunctive relief against SISCO and the CHC Plan to stop demanding refunds from her medical providers for bills SISCO paid under the CHC Plan.

## IV.
## FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE PLAN DOCUMENTS:
## VIOLATION OF 29 U.S.C. §§ 1132(c)(1)(B) and 1024(b)(4); and C.F.R. § 2520.102-3

45.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46.     29 U.S.C. § 1132(c)(1)(B) provides:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

In 1997, the penalty amount was increased to $110.00 a day by the Department of Labor. 29 C.F.R. § 2575.502c-1 (2010).

47.     29 U.S.C. § 1024(b)(4) provides:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may

by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

48.     The Code of Federal Regulations requires a plan administrator to produce all insurance contracts under which the plan was established or is operated.  C.F.R. § 2520.102-3(t)(2) states:

> ERISA provides that all plan participants shall be entitled to:
>
> *  *  *  *  *
>
> Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts . . . .

49.     At all times relevant hereto defendants administered the CHC Plan and failed to provide Plaintiff Lessman with CHC Plan documents within 30 days of mailing her request, as required pursuant to 29 U.S.C. § 1132.

50.     As such defendants have violated the above-referenced statutes and CFRs.  Pursuant to the statute, Defendants are to be penalized by paying the sum of $110 per day to Plaintiff from the date of each Defendant's failure or refusal to provide the information requested. From Plaintiff's first request on August 8, 2013, the penalty amounts to $46,640.

## V.
## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE BENEFITS PROVIDED UNDER THE PLAN:
## VIOLATION OF 29 U.S.C. § 1132(a)(1)(B)

51.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52.     Under the terms of the CHC Plan, Defendants agreed to provide Plaintiff Lessman with medical benefits.

53.     The decision to deny medical benefits was wrong under the terms of the CHC Plan.

54.   The decision to deny medical benefits and decision-making process were arbitrary and capricious.

55.   The decision to deny medical benefits was not supported by substantial evidence in the record.

56.   The decision-making process did not comport with 29 U.S.C. § 1133's requirements that any notice of denial must contain the specific reasons for such denial, written in a manner calculated to be understood by the participant and must comport with the Department of Labor Regulations.

57.   The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

58.   The appellate procedures did not provide the Plaintiff a full and fair review.

59.   The Defendants violated the fiduciary duties owed to the Plaintiff.

60.   As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide medical benefits for Plaintiff and in failing to provide a full and fair review of the decision to deny medical benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the CHC Plan, and such other medical benefits as would have been paid or provided to the Plaintiff under the CHC Plan.

61.   Plaintiff Lessman has incurred attorney fees as a direct and proximate result of Defendants' actions, omissions and inactions. Further, Plaintiff has lost the value of medical benefits due under the CHC Plan. Plaintiff is entitled to payment of her medical benefits under the CHC Plan through the last day of her employment with Defendant CHC. In addition to her full CHC Plan benefits, Plaintiff is entitled to prejudgment interest from the date she was first entitled to coverage until the date of judgment.

## VI.
## THIRD CAUSE OF ACTION
## ENJOIN ACTS WHICH VIOLATE ERISA OR PLAN TERMS:
## VIOLATION OF 29 U.S.C. § 1132(a)(3), § 502(a)(3)

62.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63.     29 U.S.C. § 1132(a)(3), § 502(a)(3) allows a plan participant to:

>    (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

64.     SISCO is taking actions outside the CHC Plan by denying Plaintiff Lessman her benefits.

65.     The CHC Plan is obligated to provide benefits to Plaintiff Lessman through the last day of her employment, and is contacting Ms. Lessman's healthcare providers as a way to harass Ms. Lessman and avoid the requirements of the CHC Plan and ERISA.

66.     Plaintiff Lessman has incurred attorney fees as a direct and proximate result of Defendants' actions.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant judgment in her favor and order as follows as to the **First Cause of Action**:

a.  Defendants provide to Plaintiff copies of all CHC Plan documents including the following:

   i.  A complete copy of the CHC Plan and all health/ERISA plan documents for Plaintiff Lessman's coverage from 2011 through 2013.

   ii.  The name and contact information for the current Plan Administrator.

iii.   Copies of all contracts, including but not limited to, insurance, stop loss, health insurance, insurance intermediary services, and administrative services contracts related to the CHC Plan from 2011 through 2013.

iv.   Identification of any clauses regarding reimbursement or subrogation, and clauses that describe whether the plan is self-funded or insured.

v.   Copies of the Administrative Services Contract between the CHC Plan and the claims/third-party administrator for 2011 through 2013.

vi.   Copies of the Summary of Medical Modifications (SMM) statements for 2011 through 2013.

b.   Impose a $110 per day penalty for the Plan Administrator's failure or refusal to provide the specified information as required, from the Plaintiff's initial request date of August 8, 2013.

c.   Award Plaintiff her attorney's fees, court costs, and other expenses incurred in connection with this action.

d.   For such other and further relief as the court deems just and proper.


**WHEREFORE**, Plaintiff prays that the Court grant judgment in her favor and order as follows as to the **Second Cause of Action**:

a.   Defendants jointly and severally pay to Plaintiff all benefits due under Defendant CHC's health benefits plan.

b.   Defendants continue to pay all providers for amounts due through the end of Plaintiff Lessman's employment with Defendant CHC.

c.   Defendants pay prejudgment interest on the unpaid benefits balance from the date Plaintiff was first denied coverage until the date of judgment.

d.   Award Plaintiff her attorney's fees, court costs, and other expenses incurred in connection with this action.

e.   For such other and further relief as the court deems just and proper.

**WHEREFORE**, Plaintiff prays that the Court grant judgment in her favor and order as follows as to the **Third Cause of Action**:

a.   Defendants stop and Defendants direct SISCO to stop attempting to collect refunds from Plaintiff's medical providers for payments made by SISCO under the CHC Plan through the end of her employment.

b.   Award Plaintiff her attorney's fees, court costs, and other expenses incurred in connection with this action.

DATED this __27__ day of _____JAN_____ 20_15_.

                                        Sabrina Lessman, Plaintiff

By: _____

                                        R. Michael Shickich, 6-3015
                                        Law Offices of R. Michael Shickich, LLC
                                        111 West 2nd Street, Suite 500
                                        Casper, WY  82601
                                        PH: 307-266-5297; FX: 307-266-1261
                                        rms@injuryfirm.net
                                        **ATTORNEY FOR PLAINTIFF**

Sabrina Lessman
PO Box 50805
Casper, WY 82605
(307) 267-1911

August 8, 2013

To: Sisco/Great West Healthcare-CIGNA
Plan Administrator for:
Community Health Center
of Central Wyoming Medical Plan
1000 Great West Drive
Kennett, MO 63857-3749

**VIA CERTIFIED MAIL**

Return Receipt #

7004 1160 0006 4045 3726

RE: Policy # 991232153

Ladies and Gentlemen:

My name is Sabrina Lessman. Pursuant to my right as a participant and beneficiary of the Community Health Center of Central Wyoming Plan, I respectfully request copies of the following materials:

1. Copies of the Summary Plan Description (SPD) and other Plan Documents relating to my health insurance coverage for the years 2011 through 2013.

2. Copies of form 5500, including all attached schedules, filed with the U.S. Department of Labor for the years 2011 through 2013.

3. A complete copy of the health/ERISA plan.

4. A listing of the dates of service, service providers and payments made on my behalf, if any, from May 15, 2012 to the present. If no payments have been made, please confirm this in writing.

Please also cite clauses that describe whether the plan is self-insured or governed by ERISA rules, as well as any clauses regarding reimbursement or subrogation.

Please forward these materials to my attorney, R. Michael Shickich, 111 W. 2nd Street, Suite 500, Casper, WY 82601. Thank you.

Sincerely,

**EXHIBIT 1**

# LAW OFFICES OF
# R. MICHAEL SHICKICH, L.L.C.
### 111 West 2nd Street, Suite 500
### Casper, WY 82601

Telephone (307) 266-5297                www.InjuryFirm.net                Facsimile (307) 266-1261

November 22, 2013

**CERTIFIED MAIL**
**RETURN RECEIPT NUMBER**
7004 1160 0006 4045 4938

Community Health Center of Central Wyoming, Inc.
Human Resource Department
ATTN: Plan Administrator
5000 Blackmore Road
Casper, WY 82609

RE:   Community Health Center of Central Wyoming Health Care Plan #501
      Your Insured: Sabrina Lessman
      Policy #:    991232153
      Date of Loss:   May 15, 2012

Dear Sir or Madam:

Please be advised that I have been retained to represent Ms. Sabrina Lessman for injuries she sustained in a motorcycle collision on May 15, 2012. At your earliest opportunity, please forward the following documentation to me:

1.   A complete copy of the Plan and all health/ERISA Plan Documents for my client's health insurance coverage for the years 2011 through 2013.

2.   The Summary Plan Description for the years 2011 through 2013.

3.   The name and address of the current Plan Administrator.

4.   A detailed listing of the dates of service, service providers and payment amounts for medical benefits paid to service providers on my client's behalf, if any, from the date of loss to present. If no payments have been made, please confirm this in writing.

**EXHIBIT 2**

November 22, 2013
Re: CHCCW Employee Health Care Plan
Page 2 of 2

5. Copies of all contracts, including but not limited to: insurance contracts, Stop Loss contracts, health insurance contracts, insurance intermediary service contracts, and administrative services contracts related to the medical plan serving Wyoming participants for the years 2011 through 2013.

6. Please identify any clauses regarding reimbursement or subrogation, and clauses that describe whether the plan is self-funded or insured.

7. The Administrative Services Contract between the Plan and the claims/third-party administrator for the years 2011 through 2013.

8. Copies of the SMM (Summary of Medical Modifications) statements for the years 2011 through 2013.

Thank you for your assistance in this matter. Please contact me if you have any questions about this request.

Very truly yours,

R. Michael Shickich

RMS/wkt
cc: Sabrina Lessman

**EXHIBIT 2**

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7004 1160 0006 4045 4938

CASPER WY 82609

| | | |
|---|---|---|
| Postage | $ | 4.66 |
| Certified Fee | | 3.10 |
| Return Reciept Fee (Endorsement Required) | | 2.55 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | 6.19  11/22/2013 |

Sent To CHCCW Inc Human Resource Dept.
Street, Apt. No. or PO Box No. 5000 Blackmore Rd.
City, State, ZIP+4 Casper WY 82601

PS Form 3800, June 2002                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Community Health Care Center
of Central Wyoming, Inc.
Human Resource Dept.
ATTN: Plan Administrator
5000 Blackmore Rd.
Casper, WY 82609

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Joy J Bishop_     ☐ Agent     ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
Joy  J  Bishop     12-4-13

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:     ☐ No

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7004 1160 0006 4045 4938

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**EXHIBIT 2**

# SISCO

*experience the benefits*

January 20, 2015

THERAPY SOLUTIONS INC
6631 E SECOND ST
CASPER WY 82609

## A REFUND IS REQUESTED FOR:

Health Plan:  CHC of Central Wyoming
Group #:  1232
Employee:  Sabrina Lessman
Patient  Sabrina Lessman

| DATE OF SERVICE | YOUR ACCOUNT NUMBER | SISCO CLAIM NUMBER | CHARGE | PAYMENT | AMOUNT TO BE REFUNDED |
|---|---|---|---|---|---|
| 07/10/13-07/12/13 | 106293 | 201307223129 | $254.00 | $203.20 | $203.20 |
| 07/18/2013 | 106255 | 201307301611 | $171.00 | $136.80 | $136.80 |
| 08/13/2013 | 106255 | 201308271687 | $223.00 | $178.40 | $178.40 |
| 08/13/2013 | 106255 | 201309163137 | $223.00 | $178.40 | $178.40 |
| | | | | TOTAL | $696.80 |

EXPLANATION:

This claim was paid by a third party settlement and is not covered under the Health Plan. Please send the refund and bill the patient.

IF YOU HAVE ANY QUESTIONS, PLEASE CALL EITHER OUR CUSTOMER SERVICE DEPARTMENT AT 1-800-457-4726 EXT #5640 OR
OUR PROVIDER SERVICE DEPARTMENT AT 1-800-457-4726, EXT. 5482.

MAKE PAYMENT OF      $696.80      PAYABLE TO:   CHC of Central Wyoming Health Plan
Remit payment and the bottom portion of this statement to
SISCO in the enclosed envelope within 14 days.

AC

—X———X———X———X———X———X———X—

Cottingham & Butler: C&B Insurance | SISCO | HealthCorp | Safety Management          *Established 1897*

THERAPY SOLUTIONS INC
6631 E SECOND ST
CASPER WY 82609

Health Plan:  CHC of Central Wyoming
Employee:  Sabrina Lessman
Patient  Sabrina Lessman

| Claim Number | Code | Amount |
|---|---|---|
| 201307223129 | 15 | $203.20 |
| 201307301611 | 15 | $136.80 |
| 201308271687 | 15 | $178.40 |
| 201309163137 | 15 | $178.40 |
| TOTAL AMOUNT DUE | | $696.80 |

PAYABLE TO:   CHC of Central Wyoming Health Plan

DATE DUE:  Upon Receipt

Remit payment and this portion of the statement to
SISCO, P.O. Box 389, Dubuque, IA 52004-0389.

SISCO (BENEFITS) | 800 Main Street | PO BOX 389 | Dubuque, IA 52004-0389 | (800) 457-4726 | Fax (563) 587-5703

No. 6510   P. 1

Therapy Solutions

Jan. 27. 2015  11:04AM

EXHIBIT 3